United States District Court
Southern District of Texas
**ENTERED**
January 18, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CAROL PLATE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-03940 |
| § | |
| STATE FARM LLOYDS, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

### I.

Before the Court is the defendant's, State Farm Lloyds ("State Farm"), motion for summary judgment [DE 12] concerning a homeowner's insurance policy issued to the plaintiff, Carol Plate. She has filed her response to State Farm's motion [DE 14], and State Farm, thereafter, filed a reply to the plaintiff's response [DE 15]. Having considered the motion, response and reply and the supporting and opposing documents, the Court determines that State Farm's motion should be granted in part and denied in part.

### II.

Between March 1, 2021 and March 1, 2022, the plaintiff asserts that she sustained damages to her home as a result of a severe storm. State Farm Policy No. 5BZE1294 was in effect during this period. The plaintiff, therefore, filed a claim; State Farm assigned the date of loss as June 2, 2021, and performed its first inspection on April 5, 2022. State Farm's inspector concluded that damage had occurred to the roof of the plaintiff's home that constituted a covered loss and assigned a Replacement Cost Value at $819.82.

The plaintiff protested the loss value and after a letter from the plaintiff's attorney, State Farm conducted a reinspection on July 27, 2022. State Farm's reinspection found no additional storm damage and confirmed its earlier findings that much of the property damage claimed by the plaintiff was due to wear and tear, deterioration and rot. The plaintiff sued in state court for breach of contract, fraud, violations of Chapter 541 and 542 of the Texas Insurance Code, and violations of the Deceptive Trade Practices Act ("DTPA"). State Farm removed the case to federal court.

### III.

Summary judgment is appropriate in a case where there is no genuine dispute as to any material fact on one or more asserted claims and the law dictates a judgment as a matter of law. Fed. R. Civ. P., Rule 56(a); *Martinez v. Schlumberger, LTD,* 338 F.3d 407, 411 (5th Cir. 2003). Under this standard, the Court examines the claims, assertions and defenses.

As a threshold matter, there is no dispute that the plaintiff's home suffered damage due to a severe storm. Additionally, the evidence is undisputed that the loss was covered by the Policy at hand. However, the dispute between the parties centers on the nature and extent of the loss and whether the damage claimed is a result of the storm. *See Mullins v. TestAmerica, Inc.,* 564 F.3d 386, 418 (5th Cir. 2009). In this instance, there is a genuine dispute. Therefore, summary judgment on the plaintiff's breach of contract claim is denied.

The issue of what damage was caused by the storm and what damage, if any, is a result of wear and tear or deterioration are genuinely disputed fact issue. Because the parties have a genuine dispute, the Court is of the opinion that the plaintiff's claims for breach of the common law duty of good faith and fair dealing are inextricably connected to the plaintiff's breach of contract claim.

Whether the dispute between the parties evinces bad faith on the part of State Farm is a question for a jury. However, the plaintiff's extra-contractual claims for fraud, violation of the

DTPA, misrepresentation and statutory claims under Chapter 541 of the Texas Insurance Code are unsupported, as a matter of fact and law. Finally, the Court reserves for the plaintiff the right to recover interest and an attorney's fee under her breach of contract claim.

The Court GRANTS State Farm's motion for summary judgment, in part, as heretofore set out.

It is so Ordered.

SIGNED on January 18, 2024, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge